IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EUGENIO PEREZ JR.,                      )
                                        )
                    Petitioner,         )
                                        )
        v.                              )   Case No. 25-3169-JWL
                                        )
Warden, FCI-Leavenworth,                )
                                        )
                    Respondent.         )
                                        )
_____ )

# MEMORANDUM AND ORDER OF DISMISSAL

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation of his sentence. The Court **dismisses** this action based on petitioner's failure to exhaust administrative remedies as required.

Petitioner, who is imprisoned within this judicial district, has a projected release date of April 22, 2030. In his petition, petitioner claims that the Bureau of Prisons (BOP) has improperly failed to grant him the maximum allowed period of 12 months in prerelease custody, instead applying a six-month maximum; and he requests transfer to prerelease custody no later than May 7, 2027.[1] Respondent filed an answer to the petition, in which she argues that the case should be dismissed based on a failure to exhaust. Petitioner,

---

[1] In stating his claim in his form petition, petitioner refers to an "attached Memorandum of Law in Support," but no such brief was included with the petition when sent for filing.

however, did not file any traverse or reply brief by the Court's ordered deadline of October 27, 2025.

The Court agrees that the case should be dismissed because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). In his petition, petitioner checked the box for "No" when asked whether he filed a grievance or sought an administrative remedy with respect to the decision he was challenging concerning the execution of his sentence; and respondent has submitted evidence confirming that petitioner has not filed an administrative grievance with respect to this or any other issue.

Moreover, there is no basis to excuse this failure by petitioner. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not claimed futility in this case, however, and the fact that petitioner's requested transfer would not take place until 2027 demonstrates that there is no particular urgency here. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review). Accordingly, the Court dismisses this action based on petitioner's failure to exhaust administrative remedies as required.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 10th day of November, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
